AF Approval ___NMA___          Chief Approval ___CAB___

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:24-cr-267-JA-EJK

DREW MITCHELL SCHREIBER

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Roger B. Handberg, United States Attorney for the Middle District of Florida,

and Amanda Liskamm, Director of the United States Department of Justice

Consumer Protection Branch, and the defendant, DREW MITCHELL

SCHREIBER and the attorney for the defendant, Robert Leventhal, Esq.,

mutually agree as follows:

### A.   Particularized Terms

1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One, Two, and

Three of the Information. Each Count charges the defendant with tampering

with odometers, in violation of 49 U.S.C. §§ 32703(2) and 32709(b).

2.   Maximum Penalties

Each Count carries a maximum sentence of three years' imprisonment

for a total of nine years; a fine of up to $250,000 (maximum penalty

Defendant's Initials _____

$750,000), or an alternative fine of the greater of twice the gross gain or twice the gross loss caused by his offense, or both fine and imprisonment; a term of supervised release of not more than one year; and a special assessment of $100 per felony count ($300 total). With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below. As identified by the United States to defendant, the investigation uncovered 140 rolled back vehicles wherein the defendant's gain based upon the sale of such roll backs is $604,646.00.

3.    Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Counts One through Three are:

First:       the defendant knowingly reset and altered the odometer of a motor vehicle or knowingly caused to be reset and altered the odometer of a motor vehicle; and

Second:   the defendant did so with the intent to change the mileage registered by the odometer.

Defendant's Initials _____       2

4.   <u>Indictment Waiver</u>

Defendant will waive the right to be charged by way of indictment before a federal grand jury.

5.   <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida and the United States Department of Justice Consumer Protection Branch agree not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office and the United States Department of Justice Consumer Protection Branch at the time of the execution of this agreement arising out of the rolling back of vehicle odometers and fraudulently altering title paperwork from the period of October 2014 until July 2019, based on the facts known by these offices at the time of defendant's entry of a plea of guilty to this agreement.

6.   <u>Agreement to Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663(a)(1)(B), defendant agrees to make full restitution to victims who (a) are identified as part of the criminal investigation; and (b) currently own a vehicle wherein the defendant tampered with the odometer. Defendant agrees that the victims in this matter are owed restitution in the amount of $604,646.00.

Defendant's Initials                 3

7. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8. <u>Multiple Victims</u>

The United States will recommend to the Court that the defendant receive a two-level upward adjustment, pursuant to USSG § 2B1.1(b)(2)(A), for criminal conduct involving more than 10 victims. The defendant understands that this recommendation or request is not binding on the Court, and regardless of whether this recommendation is accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United

Defendant's Initials                     4

States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10.   <u>Cooperation - Substantial Assistance to be Considered</u>

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a

Defendant's Initials                     5

prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida and the United States Department of Justice Consumer Protection Branch, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida and the United States Department of Justice Consumer Protection Branch, warranting the filing of a motion for a reduction of sentence within one year of the imposition of

Defendant's Initials _____                6

sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant

understands that the determination as to whether "substantial assistance" has

been provided or what type of motion related thereto will be filed, if any, rests

solely with the United States Attorney for the Middle District of Florida and

the United States Department of Justice Consumer Protection Branch, and the

defendant agrees that defendant cannot and will not challenge that

determination, whether by appeal, collateral attack, or otherwise.

 11. <u>Use of Information - Section 1B1.8</u>

 Pursuant to USSG § 1B1.8(a), the United States agrees that no self-

incriminating information which the defendant may provide during the course

of defendant's cooperation and pursuant to this agreement shall be used in

determining the applicable sentencing guideline range, subject to the

restrictions and limitations set forth in USSG § 1B1.8(b).

 12. <u>Cooperation - Responsibilities of Parties</u>

  a. The government will make known to the Court and other

relevant authorities the nature and extent of defendant's cooperation and any

other mitigating circumstances indicative of the defendant's rehabilitative

intent by assuming the fundamental civic duty of reporting crime. However,

the defendant understands that the government can make no representation

Defendant's Initials     7

that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

      b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

      (1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

      (2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by

Defendant's Initials          8

imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

Defendant's Initials                     9

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663(a)(3) and the Court may order the defendant to make restitution to any victim of the offense, pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and

Defendant's Initials                     10

execution, in order to ensure that the defendant's restitution obligation is satisfied.

On the Counts to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a cashier's check, certified check, or money order to the Clerk of the Court in the amount of $300.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing. The defendant understands that this agreement imposes no limitation as to fine.

2.    <u>Supervised Release</u>

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials                 11

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office and the United States Department of Justice Consumer Protection Branch within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to

Defendant's Initials _____        12

execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office and the United States Department of Justice Consumer Protection Branch to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office and the United States Department of Justice Consumer Protection Branch to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant

Defendant's Initials _____    13

understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.     <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground

Defendant's Initials                     14

that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida and the United States Department of Justice Consumer Protection Branch Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and the United States Department of Justice Consumer Protection Branch and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon

Defendant's Initials                 15

any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The

Defendant's Initials _____        16

defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.     Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.     Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.     Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

Defendant's Initials           17

DATED this ___17___ day of ___October___ 2024.

ROGER B. HANDBERG
United States Attorney


_____
DREW MITCHELL
SCHREIBER
Defendant

KARA M. WICK
Assistant United States Attorney


_____
ROBERT LEVENTHAL
Attorney for Defendant

CHAUNCEY A. BRATT
Assistant United States Attorney
Deputy Chief, Orlando Division


U.S. DEPARTMENT OF JUSTICE
CONSUMER PROTECTION BRANCH

AMANDA LISKAMM
Director


By: _____
DAVID SULLIVAN
Senior Litigation Counsel


Defendant's Initials _____        18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:24-cr-2607-JA-EJK

DREW MITCHELL SCHREIBER

## PERSONALIZATION OF ELEMENTS

First:      did you knowingly reset and alter the odometer of a motor
            vehicle or knowingly cause to be reset and altered the
            odometer of a motor vehicle? and

Second:     did you do so with the intent to change the mileage
            registered by the odometer?

Defendant's Initials _____          19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:24-cr-267-JA-EJK

DREW MITCHELL SCHREIBER

### FACTUAL BASIS

The defendant is pleading guilty because he is in fact guilty. The defendant certifies that he does hereby admit that the facts set forth below are true, and were this case to go to trial, the government would be able to prove those specific facts and others beyond a reasonable doubt.

### FACTS

Beginning on or about October 27, 2014, until on or about July 9, 2019, in the Middle District of Florida, and elsewhere, **DREW MITCHELL SCHREIBER**, the defendant herein, knowingly and willfully reset and altered, and caused to be reset and altered, the odometer of a motor vehicle in violation of 49 U.S.C. §§ 32703(2) and 32709.

### A.    Background

During the course of criminal conduct, **DREW MITCHELL SCHREIBER** was the owner/operator of Central Florida Automotive Group (now named Southeastern Credit Union Solutions), a used vehicle dealership

Defendant's Initials                 20

located in the Middle District of Florida. During the course of criminal conduct **DREW MITCHELL SCHREIBER** purchased at least 140 high mileage motor vehicles, caused the vehicles' odometers to be rolled back to false, lower mileages, obtained "Exempt" State of Florida titles that did not require the vehicles' odometer readings to be displayed on the titles, and then sold those vehicles to unsuspecting buyers in the Middle District of Florida and elsewhere. The rollbacks caused both the immediate and subsequent buyers of used motor vehicles, including the ultimate consumers, to pay more for the vehicles than they would have paid if they had known the vehicles correct mileage readings.

  **DREW MITCHELL SCHREIBER** profited a total of $604,464.00 by rolling back the vehicles' odometers.

### B. Intended Loss/Gain

  While the fraudulent conduct resulted in loss to the victims, the amount of loss cannot reasonably be determined; however, the gain that resulted from the offenses that can be attributed to the defendant's conduct described above exceeds $550,000 but is less than $1.5 million.

Defendant's Initials     21

### C.  <u>Multiple Victims</u>

During the course of the conspiracy described above, **DREW MITCHELL SCHREIBER** victimized more than 10 purchasers of his rolled back motor vehicles.

